IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GRAHAM SCHIFF,

    Petitioner,

    v.                                   Civil Action No.:  JRR-22-2656

WARDEN,

    Respondent.

**MEMORANDUM ORDER**

On November 2, 2022, self-represented Petitioner Graham Schiff filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 42 U.S.C. § 2241, which includes an "emergency motion for a stay."  ECF No. 1 at 2.  Mr. Schiff also filed a Motion for Leave to Proceed *in Forma Pauperis*.  ECF No. 2.

Mr. Schiff is a pretrial detainee, awaiting trial in case D-06-CR-22-005933 in the District Court for Montgomery County on a charge of intimidating or influencing an officer of the court.  ECF No. 1 at 1; *see* ECF No. 1-1.  His trial is currently scheduled for December 5, 2022.  *See* http://casesearch.courts.state.md.us/casesearch/ (last visited Nov. 22, 2022).[1]  For the reasons discussed below, Mr. Schiff's Petition shall be dismissed without prejudice.

Mr. Schiff asserts that his prosecution violates his right to free speech under the First Amendment.  ECF No. 1 at 1.  He states that he was charged under MD. CODE ANN., Criminal § 9-305 for "threatening to impede the judicial duties" of Supreme Court Justice Brett Kavanaugh.  *Id.* The charge is based on an email Schiff allegedly sent to Justice Kavanaugh's wife.  *Id.*  Schiff alleges that his prosecution is meant to chill his constitutionally protected speech.  *Id.* at 2.

---

[1] Pursuant to FED. R. EVID. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying the court's intervention do not exist where procedures are in place to protect a petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Mr. Schiff's claim that his allegedly criminal actions are in fact protected by the First Amendment may be raised in a state forum without harm to his constitutional rights. Further, Mr. Schiff he has not demonstrated that he has pursued (or completed) all available state remedies before filing his Petition. Accordingly, the Petition will be dismissed without prejudice and the motion to stay denied.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his petition absent issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice of judge issues a certificate of appealability, an appeal may not be taken from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or…the final order in a proceeding under section 2255"). A

certificate of appealability must be considered in this case because the Petition challenges a detention arising out of a State court process.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, as in the instant case, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Schiff does not satisfy this standard. Therefore, the court declines to issue a certificate of appealability. That notwithstanding, Mr. Schiff is entitled to request that the United States Court of Appeals for the Fourth Circuit issue a certificate of appealability. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

Accordingly, it is this 22nd day of November 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

2. The Petition for Writ of Habeas Corpus IS DISMISSED without prejudice;

3. The "emergency motion for a stay" IS DENIED;

4. The Clerk IS DIRECTED to MAIL a copy of this Order to Petitioner; and

5. The Clerk IS FURTHER DIRECTED to CLOSE this case.

/S/

_____

Julie R. Rubin
United States District Judge